■ John E. Long, Respondent, v Russell Anderson et al., Appellants. [917 NYS2d 587]—

In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 21, 2010, which denied their motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is granted, and the plaintiff's cross motion for summary judgment on the issue of liability is denied.

Contrary to the Supreme Court's determination, the defendants demonstrated their entitlement to judgment as a matter of law dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

The parties here entered into an agreement concerning the possible development of real property in New Jersey. Pursuant to the agreement, the plaintiff was entitled to a fee in the sum of 25% of the net profit earned from the eventual sale of the subject property, whether or not it was approved for development. The defendants eventually sold the property without obtaining approval for development. The plaintiff commenced this action alleging that the defendants breached the contract by failing to properly compensate him. In support of their motion for summary judgment dismissing the complaint, the defendants submitted evidence establishing that there was no profit from the sale of the property, and that they in fact sustained a loss of over $176,000. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Significantly, the plaintiff did not dispute that there was no profit from the sale of the property. Accordingly, under the clear terms of the agreement, the plaintiff was not entitled to a fee, and the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability. Skelos, J.P., Eng, Belen and Lott, JJ., concur.